| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.4:17-cr-00345** |
| | § | |
| **JOSE MADRID-PAZ,** | § | |
| | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acing United States

Attorney for the Southern District of Texas, and Lisa M. Collins, Assistant United States Attorney,

and the defendant, Jose Madrid-Paz ("Defendant"), and Defendant's counsel, pursuant to Rule

11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an

agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Counts 6, 7, 8 and 9 of the Indictment.   Count 6

charges Defendant with **Interference with Commerce by Robbery** in violation of Title 18,

United States Code, Section 1951(a).   Count 7 charges Defendant with **Using and Carrying a**

**Firearm During and In Relation to a Crime of Violence** in violation of Title 18, United States

Code, Section 924(c)(1)(A)(ii) and 2.   Count 8 charges Defendant with **Interference with**

**Commerce by Robbery** in violation of Title 18, United States Code, Section 1951(a).   Count 9

charges Defendant with **Using and Carrying a Firearm During and In Relation to a Crime of**

**Violence** in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.   Defendant,

by entering this plea, agrees that he is waiving any right to have the facts that the law makes

essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1951(a), is imprisonment of not more than 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of **up to 3** years. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), is a consecutive term of imprisonment of not less than 7 years and up to Life and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of **up to 3** years. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for **up to** 3 years, without credit for time already served on the term of supervised release prior to such violation. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted

conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts 6, 7, 8 and 9 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### United States' Non-Waiver of Appeal

9.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

10.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions

regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 6, 7 ,8 and 9 of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On June 29, 2016, Defendant and co-defendants Migdonio Altamirano ("Altamirano"), Ramiro Alvarez-Suazo ("Alvarez-Suazo"), Osman Izaguirre-Rosales ("Izaguirre-Rosales"), Osman Argueta-Rodas ("Argueta-Rodas"), Santos Matute-Rosales ("Matute-Rosales"), and Joner Ventura-Castillo ("Ventura-Castillo"), planned and committed an armed robbery of the King and Queen Game Room located at 7718 Bellfort Street, Houston, Texas, which is within the Southern District of Texas. In so doing, Alvarez-Sauzo, Izaguirre-Rosales, Argueta-Rodas, and Matute-Rosales entered the King and Queen Game Room. Witness L.C. stated that when the gate to the business was opened for her, two of the defendants, specifically Izaguirre-Rosales and Matute-Rosales, entered and one of them placed his foot inside the door to prevent it from closing. Izaguirre-Rosales and Matute-Rosales then produced pistols and disarmed K.I., the security guard, by pointing a gun to his head and taking his (K.I.'s) gun, and placing it away from him near the door. Izaguirre-Rosales and Matute-Rosales then tied K.I. up with K.I.'s own shoelaces and moved him to another location within the business. Alvarez-Suazo, Izaguirre-Rosales, Argueta-Rodas, Matute-Rosales, and Ventura-Castillo, all of whom were armed, then entered. At least one of the defendants pointed a gun at K.L., an employee, and demanded money. They then went to the office and co-defendant Alvarez-Suazo took the safe that had at least $3,000, while Izaguirre-Rosales stole the DVR from the location (so as to avoid detection as it contained video footage of the robbery). Meanwhile Defendant and Altamirano organized the robbery and had previously scouted the location, and, during the robbery, Defendant acted as a lookout by sitting in a vehicle outside in a vehicle on the lookout for law enforcement. All of the Defendants then fled in a Nissan Frontier. All items taken were property of the King and Queen Game Room, and they were taken by force and without permission.

Following completion of the abovementioned robbery, the Defendant received a portion of the proceeds. In addition, Messrs. Altamirano, Matute-Rosales, Alvarez-Suazo, Izaguirre-Rosales, Argueta-Rodas, and Ventura-Castillo would all testify that Defendant determined how much each of the participants (Defendant, Altamirano, Matute-Rosales, Alvarez-Suazo, Izaguirre-Rosales, Argueta-Rodas, and Ventura-Castillo) were to be paid.[1]

On September 19, 2016 Defendant and his co-defendants, Argueta-Rodas, Matute-Rosales, Ventura-Castillo, and Darwin Alvarado-Espinoza ("Alvarado-Espinoza") planned and committed an armed robbery of the Gameroom located at 7909 Hillcroft Avenue, Houston, Texas in the Southern District of Texas. Messrs. Argueta-Rodas, Matute-Rosales, Ventura-Castillo, and Alvarado-Espinoza would all testify that Defendant organized the robbery.

Defendant scouted the location and acted as a lookout during the robbery by sitting outside in a vehicle looking for law enforcement. Meanwhile, Argueta-Rodas, Matute-Rosales, Ventura-Castillo, and Alvarado-Espinoza entered the location. Upon entry, the first two defendants, namely co-defendants Ventura-Castillo and Matute-Rosales, brandished firearms and pointed them at the security guard. Ventura-Castillo and Matute-Rosales disarmed the security guard, by taking his weapon, unloading it, and then throwing the unloaded firearm in a nearby trashcan. Ventura-Castillo and Matute-Rosales then tied the guard up with his own shoelaces. Messrs. Ventura-Castillo and Matute-Rosales and the guard would testify that Messrs. Ventura-Castillo and Matute-Rosales then moved the guard at gunpoint to a different location within the business.

---

[1] Regarding this sentence, although Defendant acknowledges that this is what the co-defendants would testify to, Defendant asserts his Sixth Amendment right to remain silent about this fact, which he submits is relevant to sentencing only, and does not admit the truth of the allegation that he determined how the stolen money would be divided amongst the participants.

The next two defendants, specifically Argueta-Rodas and Alvarado-Espinoza, entered and confronted the manager of the business. Messrs. Argueta-Rodas and Alvarado-Espinoza and the manager of the business would testify that Messrs. Argueta-Rodas and Alvarado-Espinoza accompanied the manager of the business at gunpoint to another location within the building to open the business' safe to facilitate the robbery. The Defendants took the money inside as well as the money in a cash drawer. They further forcibly took the manager's key and opened the gaming units within the business and took the cash inside. All items taken were property of the Game Room and they were taken by force and without permission. All of these interactions were captured on high quality surveillance videos which were reviewed by law enforcement officers who were able to identify each of the above named 4 co-defendants by name and sight.

Following completion of the abovementioned robbery, Defendant received a portion of the proceeds. In addition, Messrs. Alvarado-Espinoza, Matute-Rosales, Argueta-Rodas, and Ventura-Castillo would all testify that Defendant determined how much each participant was to be paid.[2]

At all times material to the above, the King and Queen Game Room and Game room were engaged in the business of gaming and selling of retail and commercial items, both of which affect interstate commerce.

### Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains,

---

[2] *See* footnote 1.

conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

14. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to

facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

18. Defendant agrees to pay full restitution to the victims regardless of the counts of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

19. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: one loaded Baretta PX Storm 9 mm pistol, fourteen rounds of 9mm ammunition, one loaded Taurus 9mm pistol, sixteen rounds of 9mm ammunition, one loaded Browning 9mm pistol, ten rounds of 9mm ammunition, one loaded Ruger 40 caliber pistol, ten rounds of 40 caliber ammunition, one Taurus PT140 40 caliber semi-

automatic pistol, six unfired rounds of 40 caliber ammunition, one Colt Model 80 38 Super caliber semi-automatic pistol; and two unfired rounds of 38 caliber ammunition.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

23. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

24. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that

no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.


Filed at _Houston_, Texas, on _January 10_, 2021.

_JOSE S MADRID PAZ_
Jose Madrid-Paz
Defendant


Subscribed and sworn to before me on _January 10_, 2021.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk


APPROVED:

Jennifer B. Lowery
United States Attorney

By: _____        _____
Lisa M. Collins                                      John Friesell
Assistant United States Attorney          Attorney for Defendant
Southern District of Texas
Telephone:  713-567-9700
Facsimile:  713-718-3303


13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO.4:17-cr-00345 |
| JOSE MADRID-PAZ, | § § | |
| Defendant. | § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
John Friesell
Attorney for Defendant

_1-10-22_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement

14

with my attorney.   I understand this agreement and I voluntarily agree to its terms.

Jose S madRid PAc          01 - 10 -2Ʒ
Jose Madrid-Paz                Date
Defendant